IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CAROLYN MERRIWEATHER                                          PLAINTIFF

v.                                           CAUSE NO. 3:15CV737-LG-RHW

HOLMES COUNTY SCHOOL DISTRICT                                 DEFENDANT

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TITLE IX CLAIMS

**BEFORE THE COURT** is the Motion to Dismiss Title IX Claims [17] filed by the defendant Holmes County School District (HCSD). The Motion has been fully briefed by the parties. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted.

### BACKGROUND

The plaintiff Carolyn Merriweather has been employed by HCSD since 1997 as a teacher's assistant. (Am. Compl. at 2, ECF No. 10). She filed this lawsuit against HCSD, attempting to assert the following claims pursuant to both Title VII and Title IX: sex discrimination, sexual harassment, retaliation, and sexually hostile work environment. (*Id.* at 3-4). She seeks to recover back wages, compensatory damages, punitive damages, attorneys' fees, and costs and expenses. (*Id.* at 5). HCSD filed the present Motion seeking dismissal of Merriweather's Title IX claims.

### DISCUSSION

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a

motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

The Fifth Circuit has held that "Title VII provides the exclusive remedy for individuals alleging employment discrimination on the basis of sex in federally funded educational institutions." *Lakoski v. James*, 66 F.3d 751, 753 (5th Cir. 1995). The court explained that recognition of a Title IX claim for monetary damages due to employment discrimination would "disrupt a carefully balanced remedial scheme for redressing employment discrimination by employers." *Id.* at 754.

In her response to HCSD's Motion, Merriweather does not dispute that relief is available for all of her claims under Title VII or that she is solely seeking monetary damages, but she argues that this Court should deny HCSD's Motion, because she claims that the *Lakoski* decision conflicts with prior United States Supreme Court decisions. However, the *Lakoski* court addressed those prior decisions and rejected the same argument presented here by Merriweather. *See id.* at 753-54. Merriweather also notes that there is a circuit split on this issue. However, a circuit split does not permit this Court to ignore Fifth Circuit precedent or to overrule a Fifth Circuit decision. As a result, HCSD's Motion must be granted,

-2-

and Merriweather's Title IX claims must be dismissed with prejudice.

Merrweather also asks this Court to grant her permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) in the event that this Court grants HCSD's Motion. A district judge may make an interlocutory order appealable when he is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Fifth Circuit, while expressing its inability and unwillingness to overturn *Lakoski*, has held that *Lakoski* "is the settled law of this circuit." *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Thus, there is no ground for a difference of opinion and no basis to grant an interlocutory appeal. Moreover, Plaintiff's Title VII claims remain. Consequently, an interlocutory appeal will not materially advance the ultimate termination of this litigation.

## CONCLUSION

For the foregoing reasons, the Court finds that Merriweather's Title IX claims should be dismissed with prejudice, and her request for an interlocutory appeal should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss Title IX Claims [17] filed by the defendant Holmes County School District is **GRANTED**. Carolyn Merriweather's Title IX claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Carolyn Merriweather's request for permission to file an interlocutory appeal is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of March, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
